**MEMO ENDORSED**

# LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: bcafaro@cafaroesq.com

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: akumar@cafaroesq.com

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: lleon@cafaroesq.com

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: mblum@cafaroesq.com

> The Court is in receipt of the parties' joint letter. As to those items that the parties have indicated that there is agreement, the parties' agreements are so ordered.  As to the Rosenthal file, the parties are reminded that, at the last conference on January 21, 2022, the Court directed parties to submit briefing on the Court's authority to issue an order directing production of documents under a nondisclosure agreement where the representatives for only one party have consented to production.
> SO ORDERED:
> _____
> HON. EDGARDO RAMOS
> UNITED STATES DISTRICT JUDGE
> March 3, 2022

March 3, 2022

**Via ECF**
Hon. Edgardo Ramos, U.S.D.J
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Re:   Jane Doe v. Benjamin Zaremski M.D., P.C. *et al*
       SDNY Case No.: 21-cv-03187-ER-SN

Your Honor,

This office represents the Plaintiff in the above referenced.  The Parties submit this joint letter and request that all of the following be "So Ordered" with the exception of the last item, which is Plaintiff's request for an order directing Louis R. Rosenthal, the Administrator of Theresa Rosenthal's estate, to turn his entire file over to Plaintiff's counsel, to which Rosenthal has no objection. This application is opposed by the defense as indicated below.

Medical Records for Theresa Rosenthal:
The Plaintiff has submitted HIPAA compliance authorizations to Defendants for all of Mrs. Rosenthals' medical records which are in the Defendants' or their agents' possession.  To the extent Defendants wish to use any of Ms. Rosenthal's records in this case which were generated by any other health care provider other than Dr. Zeremski, they shall produce the same within 60 days.

Defendants' Insurance Documents:
The Defendants' have produced the requested insurance documents.

Confidential Settlement Agreement
The Defendants have produced the confidential settlement agreement between the Defendants and Theresa Rosenthal.

Paper Discovery in Rosenthal Matter
The Plaintiff has agreed to narrow her discovery request to, and the Defendants have agreed to provide all pleadings and paper discovery from the Rosenthal Matter, including the deposition transcripts. Identical or substantially identical requests for discontinuance of the Rosenthal action which contained no other subsequent content need not be provided. Such production is to occur within 30 days.

Hon. Edgardo Ramos, U.S.D.J<br>
Doe v. Benjamin Zaremski M.D., P.C. *et al*

Privilege Log

In consideration of Defendants' agreement to provide the documents agreed upon in this letter, the Plaintiff withdraws her request for a privilege log.

Request for an Order Directing Louis Rosenthal to Turn His File Over

*Plaintiff's Position:*

Louis R. Rosenthal, as the Administrator of the Estate of Theresa Rosenthal, has executed a HIPPA compliant authorization for all of decedent's medical records, and has also executed documentation waiving all attorney-client privilege with respect to his legal file in the Rosenthal v. Zeremski matter. He has no objection to turning this file over to Plaintiff's counsel. He is reluctant to do so, however, without an order, for fear of violating the confidentiality stipulation which was entered into with Dr. Zeremski. The Plaintiff accordingly asks the Court to enter such an order. Plaintiff also contends that the defense has no standing to object to such an order or to such disclosure.

*Defendants' Position:*

We have met and conferred with plaintiff's counsel, and have resolved all of the issues from our prior pre-motion conference, except one: the issue of what Mr. Rosenthal can turn over to plaintiff's counsel regarding his prior lawsuit. Like our office, Mr. Rosenthal seems to request the court's guidance on this issue.

As this court is aware, that action resolved amicably. Among the terms of was a confidentiality agreement, which has been provided to Your Honor. In response to plaintiff's request for Mr. Rosenthal's legal file, the terms of the resolution, as well as the duties of confidentiality, prevent us from stipulating to any release of any files regarding that action. Mr. Rosenthal appears to share these concerns. Accordingly, it is our position the file cannot be disclosed without a court order. Additionally, any order must direct that any files turned over to plaintiff's counsel must also be exchanged with our office. We defer to Your Honor's judgment as to any necessary order. Thank you for your consideration of this matter.

Respectfully Submitted,<br>
LAW OFFICE OF WILLIAM CAFARO<br>
<br>
By: William Cafaro, Esq.<br>
Amit Kumar, Esq.<br>
*Attorneys for Plaintiffs*

Hon. Edgardo Ramos, U.S.D.J  
Doe v. Benjamin Zaremski M.D., P.C. *et al*

cc:

All Counsel of Record (via ECF)